**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **CHIAPHUA INDUSTRIES LIMITED, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:06-CV-458** |
| | ) | **(Phillips)** |
| **IDLEAIRE TECHNOLOGIES CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This action arises out of a manufacturing and sales agreement between plaintiff Chiaphua and defendant IdleAire, wherein Chiaphua agreed to manufacture an HVAC product for IdleAire. This matter is before the court on defendant's motions to dismiss plaintiffs' complaint [Docs. 3, 7]. For the reasons which follow, defendant's motions will be denied.

### Background

Chiaphua and IdleAire entered into an agreement for Chiaphua to manufacture an HVAC product for IdleAire. During Chiaphua's negotiations and development work with IdleAire, Chiaphua entered into an agreement with Zymbo Electrical Manufacturing Company, Ltd., whereby Chiaphua provided Zymbo with its and IdleAire's proprietary information to enable Zymbo to assist Chiaphua in the development and testing of the subject HVAC product. Thereafter, Chiaphua's subsidiary, plaintiff Giabo Appliances

Co., Limited, entered into a memorandum of understanding with Zymbo for the exclusive manufacturing and supply of the subject HVAC product to Chiaphua. Under the terms of the Zymbo Memo, Chiaphua was to purchase the product from Zymbo and would then sell the product to IdleAire. In June 2004, Chiaphua received its first purchase order from IdleAire for the manufacture and purchase of 5,120 HVAC units, and in July 2004, Chiaphua shipped the products to IdleAire.

In December 2004, Chiaphua learned that Zymbo was closing its business. Thereafter, the Zymbo Memo and all related agreements between Chiaphua and Zymbo were assigned to Zymbo's affiliated wholly-owned factory, Guangzhou Hong Shan Refrigeration Technology Company, Ltd. (HSRT), which IdleAire agreed and consented to. The parties continued to perform under the terms of this assignment and under the terms of their original agreement.

On May 12, 2006, Chiaphua received a notice of termination of the parties' manufacturing and sales agreement from IdleAire, and on May 19, 2006, Chiaphua received a notification from IdleAire advising that it should deliver all tooling to HSRT to enable it to continuing manufacturing the HVAC product. Prior to its notice of termination, IdleAire had negotiated directly with HSRT concerning the manufacture and supply of the HVAC product directly by HSRT.

Plaintiff filed its original complaint on November 27, 2006. Thereafter, on March 5, 2007, defendants filed their first motion to dismiss plaintiff's complaint [Doc. 3].

In response to this motion, on March 26, 2007, plaintiff filed an amended complaint, adding Giabo Appliances Co., Limited, as a party plaintiff. Plaintiffs have brought the following causes of action against IdleAire: (1) breach of contract; (2) intentional interference with contract and business relationship; (3) common law intentional interference with contract; (4) intentional interference with prospective business relationships; (5) civil conspiracy; and (6) violation of the Tennessee Consumer Protection Act. On April 9, 2007, defendants filed a second motion to dismiss plaintiffs' claims for: (1) breach of contract; (2) intentional interference with prospective business relationship; and (3) violation of the Tennessee Consumer Protection Act [Doc. 7].

<u>Analysis</u>

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claims that would entitle it to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Breach of Contract

Defendant asserts that plaintiffs' claim for breach of contract should be dismissed for failure to state a claim upon which relief can be granted. The amended complaint in this matter alleges that defendant specifically breached the terms of the parties' agreement by holding negotiations and contracting with HSRT regarding the manufacture and supply of the HVAC product directly by HSRT prior to IdleAire sending its notice of termination to Chiaphua on May 12, 2006, before the 180 day notice period provided for in the parties' agreement had elapsed.

The record shows that the parties' agreement provided that in order to terminate the contract and move production to a wholly different manufacturer/supplier, IdleAire had to provide Chiaphua with 180 days notice. Plaintiff's complaint alleges that IdleAire breached this notice provision of the parties' agreement. Therefore, plaintiff has alleged the facts necessary to state a claim for breach of contract against IdleAire and defendant's motion to dismiss plaintiff's breach of contract claim is **DENIED.**

Intentional Interference with Prospective Business Relationship

Defendant next asserts that plaintiffs have failed to allege facts sufficient to establish the *prima facie* requirements of a claim against IdleAire for intentional interference with prospective business relationship.

In Tennessee, to establish a *prima facie* claim for intentional interference with prospective business relationship, a claimant must allege the following required elements: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. *Trau-Med of America, Inc., v. Allstate Ins. Co.,* 71 S.W.2d 691, 701 (Tenn. 2002).

Plaintiffs allege in their amended complaint that as part of the agreement to manufacture and supply the HVAC product to defendants, it provided to its subcontractors, first Zymbo and later HSRT, "not only its own but also defendant's proprietary information" and that "Chiaphua provided information, documentation, and technical support to enable [its subcontractors] to assist Chiaphua in the development and testing of the product." Plaintiffs further allege "Chiaphua provided confidential, proprietary information, and its business acumen to HSRT to enable it to manufacture and supply the product in compliance with the terms and conditions of the Agreement." Plaintiffs additionally allege:

to accomplish this [IdleAire] engaged in the tortious intentional interference of Chiaphua's and Giabo's exclusive contractual and business relationship with HSRT in contravention of both Tennessee statutory and common law. Also, Chiaphua provided confidential, proprietary information, and its business acumen to HSRT to enable it to manufacture and supply the product in compliance with the terms and conditions of the Agreement. By contracting, negotiating with, and purchasing product directly from HSRT, defendant intentionally, maliciously, and unethically caused the misuse of this confidential and proprietary information and good will provided by Chiaphua.

Based upon the allegations stated in plaintiffs' amended complaint, the court finds that plaintiffs have stated a cause of action against defendant for intentional interference with prospective business relationship with HSRT and defendant's motion to dismiss that claim is **DENIED.**

<u>Violation of the Tennessee Consumer Protection Act</u>

The Tennessee Consumer Protection Act (TCPA) applies to transactions between buyers and sellers, and its purpose is to protect buyers in such transactions from unfair and deceptive practices in the conduct of commerce. *See Sherwood v. Microsoft Corp.,* 2003 WL 21780975 (Tenn.App. July 31, 2003). Defendant's argument for dismissal of plaintiff's TCPA claim is based on the fact that Chiaphua was the "seller" of the subject HVAC product to IdleAire under the parties' agreement. Thus, defendant argues that plaintiffs do not have standing to bring such an action against it under the TCPA because they were not "consumers," as defined in the Act.

Plaintiffs have alleged in their amended complaint that "Chiaphua was a consumer of the subject HVAC product under its agreement and contract with HSRT.... HSRT manufactured the product for purchase by Chiaphua and resale to defendant." It was with regards to this commercial relationship between plaintiffs and HSRT that plaintiffs are alleging they suffered an ascertainable loss of money and/or property due to the wrongful, unfair, deceptive, fraudulent and intentional acts of defendant, in violation of the TCPA, Tenn. Code Ann. § 47-18-104. Although plaintiffs were not in contractual privity with IdleAire with regards to the commercial relationship it had with HSRT, plaintiffs have alleged a violation of the TCPA against IdleAire for injuries and losses it suffered as a result of defendant's unfair and deceptive actions with regards to this commercial relationship. *See Murphy v. Savage,* 2006 WL 1864403 (Tenn.App. July 6, 2006) (holding that there is "no requirement that there be privity of contract between a consumer and an entity the consumer has charged with unfair deceptive practices under the Act"). Therefore, construing the allegations contained in the amended complaint in a light favorable to them, plaintiffs have stated a cause of action against IdleAire for violation of the TCPA and defendant's motion to dismiss plaintiffs' TCPA claim is **DENIED.**

## Conclusion

For the reasons stated above, defendant's motions to dismiss [Docs. 3,7] are **DENIED** in their entirety.

**IT IS SO ORDERED**.

**ENTER:**

_____ s/ Thomas W. Phillips _____
United States District Judge